# EXHIBIT 1

## SUMMONS

---

### SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK

**JUSTIN GOLDMAN,**
Plaintiff,
-against-
**VOX MEDIA, LLC,**

Defendant.

Index No.: _____
**Date Summons Filed:** October 17, 2025

---

**Plaintiff designates New York County** as the place of trial.
The basis of venue is Defendant's transaction of business in this County and the injury sustained here.

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon Plaintiff, whose address is set forth below, an answer to the Complaint in this action and to serve a copy of your answer on the Plaintiff within twenty (20) days after service of this Summons, exclusive of the day of service (or within thirty (30) days after service is complete if not personally delivered within the State of New York).

If you fail to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

**Dated:** October 17, 2025
New York, New York

**Justin Goldman**
7 West 21st Street
New York, NY 10010
(917) 891-0699
*Plaintiff Pro Se*

**Defendant's Registered Agent:**
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Case 1:25-cv-09910-JGK    Document 1-1    Filed 11/26/25    Page 3 of 6

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

**JUSTIN GOLDMAN,**
  **Plaintiff,**

   -against-

**VOX MEDIA, LLC,**
  **Defendant.**


  **COMPLAINT**

---

PARTIES

1.  Plaintiff Justin Goldman ("Plaintiff") is an individual residing in New York, New York, and the registered copyright owner (U.S. Copyright Reg. No. **VAU001250526**) of a well-known photograph of Tom Brady taken in the Hamptons (the "Photograph").
2.  Defendant Vox Media, LLC ("Vox") is a Delaware limited-liability company authorized to do business in New York. Vox owns and operates numerous media outlets and subsidiaries, including **SB Nation**, which employs and publishes the work of its contributors, such as **Bobby Manning**.

JURISDICTION AND VENUE

3.  This Court has jurisdiction under CPLR §§301 and 302 because Vox conducts substantial, continuous business in New York and has committed acts of infringement and contractual breach within this State.
4.  Venue is proper in New York County under CPLR §503 because Vox transacts business here and the injury occurred here.

FACTUAL ALLEGATIONS

5.  Plaintiff created and owns the Photograph.
6.  Vox, through its subsidiary SB Nation and its employee or agent **Bobby Manning**,

published and distributed the Photograph on social media in connection with Vox's CelticsBlog and related SB Nation platforms.

7. Manning acted within the scope of his employment or agency with SB Nation and Vox when he posted the image on X/Twitter to promote Vox's content.

8. Vox directly benefited from this use through traffic, ad revenue, and social-media engagement driven by the Photograph.

9. Vox was already a party to prior settlements with Plaintiff concerning this same Photograph and had warranted that all uses would cease and that the image would be removed from all Vox-controlled platforms.

Despite that settlement, Vox knowingly allowed the Photograph to remain online and to be republished and promoted through its SB Nation network, in clear **breach of its prior agreement** and as a new act of **willful infringement**.

10. Vox's actions demonstrate deliberate disregard for Plaintiff's rights and a calculated decision to profit from a copyrighted image it had already paid to settle.

11. Plaintiff has sustained financial loss, loss of licensing opportunities, and reputational harm.

COUNT I – COPYRIGHT INFRINGEMENT (17 U.S.C. §501)

12. Plaintiff repeats and realleges paragraphs 1-12.

13. Vox reproduced, displayed, and distributed the Photograph without authorization.

14. Vox's infringement was willful, deliberate, and malicious.

15. Plaintiff is entitled to statutory damages up to $150,000 per infringement or actual damages and Vox's profits, plus costs and fees.

COUNT II – BREACH OF SETTLEMENT AGREEMENT

16. Plaintiff repeats and realleges paragraphs 1-16.

17. Vox entered into a prior settlement with Plaintiff covering this same Photograph.

18. Vox warranted that it had removed and would permanently cease use of the Photograph.

19. Vox breached that settlement by leaving the Photograph accessible and continuing to benefit from it via SB Nation and its contributors.

20. The breach was knowing and in bad faith.

21. Plaintiff has been damaged by Vox's conduct in an amount not less than **$575,000**.

DAMAGES

22. Vox's conduct was willful and constitutes both infringement and breach.

23. Plaintiff seeks statutory, actual, and punitive damages totaling no less than **$575,000**, plus costs and fees.

24. Plaintiff also seeks injunctive relief ordering Vox to immediately remove the Photograph and bar future use.

---

VERIFICATION

I, Justin Goldman, being duly sworn, depose and say:

I am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Justin Goldman Plaintiff Pro Se

**Dated:** October 17, 2025
**New York, New York**
**Justin Goldman**
(917) 891-0699
*Plaintiff Pro Se*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Vox Media, LLC as follows:

a. Damages of not less than $575,000;

b. Punitive damages for willful and bad-faith conduct;

c. Costs and attorneys' fees;

d. Permanent injunction prohibiting further use of the Photograph and ordering removal from all Vox-controlled platforms; and

e. Such other and further relief as the Court deems just and proper.

25.