**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**JUSTIN GOLDMAN**,
Plaintiff,

v.

**VOX MEDIA, LLC**,
Defendant.

**Case No.: 1:25-cv-09910**
**JURY TRIAL DEMANDED**

**AMENDED COMPLAINT**

Plaintiff Justin Goldman ("Plaintiff"), appearing pro se, alleges as follows:

---

**PARTIES**

1. Plaintiff Justin Goldman is an individual domiciled in New York, New York, and is the sole, exclusive copyright owner of the Tom Brady Hamptons photograph ("the Photograph"), registered under U.S. Copyright Registration No. VAu 1-250-526.
2. Defendant Vox Media, LLC ("Vox") is a Delaware limited liability company doing business nationwide, including in New York, and owns and controls SB Nation, CelticsBlog, and related editorial and social media platforms.

---

**JURISDICTION & VENUE**

3. This Court has subject-matter jurisdiction over Plaintiff's copyright claim under 28 U.S.C. §§ 1331 and 1338(a).
4. The Court has supplemental jurisdiction over Plaintiff's breach-of-contract claim under 28 U.S.C. § 1367(a).
5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)–(c) because Vox conducts business in this District and a substantial portion of the events at issue occurred here.

---

**FACTUAL BACKGROUND**

**A. Plaintiff's Copyrighted Photograph**

6. Plaintiff created and owns the well-known Tom Brady Hamptons Photograph.
7. Registration VAu 1-250-526 confirms Plaintiff's exclusive ownership. Vox never held any license or permission to use the Photograph.

---

**B. Vox's Prior Infringement and the 2017 Settlement Agreement**

8. In 2017, Plaintiff sued Vox and other media defendants in *Goldman v. Breitbart News Network, LLC*, No. 17-cv-3144 (KBF), the landmark case establishing that embedding a copyrighted image constitutes unlawful display under the Copyright Act.
9. To resolve its liability, Vox executed a written Settlement Agreement in October 2017.
10. Under the Agreement, Vox paid Plaintiff **$30,000** and warranted—without qualification—that:

a. **all uses** of the Photograph would **cease immediately**; and
b. the Photograph would be **removed from all Vox-controlled and Vox-affiliated platforms**, including SB Nation and CelticsBlog.

11. Vox further warranted that it would not "publish or republish" the Photograph in the future.
12. Paragraph 6 of the Agreement expressly permits either party to disclose the Agreement in litigation "for the enforcement of any right," which Plaintiff is doing here.

---

**C. Vox's Continuous Infringement and Failure to Remove the Photograph (2016–2025)**

13. On **July 2, 2016**, SB Nation writer and Vox-affiliated contributor **Bobby Manning** posted the Photograph on his Twitter/X account, @RealBobManning.
14. Manning's SB Nation affiliation is confirmed in the **Declaration of Jason Lisk**, filed in the 2017 action, which includes screenshots of Manning's tweet containing the Photograph.
15. Manning's July 2, 2016 tweet remained **publicly visible and continuously displayed for more than nine years**, from 2016 through August 2025.
16. Vox's 2017 warranty requiring complete removal of the Photograph was **never honored**.
17. During the 2017 litigation, Vox had actual knowledge that the Manning tweet was still live, as shown by the Lisk Declaration.
18. Despite that actual notice and its contractual removal obligation, Vox failed to remove or suppress the Photograph for nearly a decade.
19. In August 2025, Manning emailed Plaintiff and admitted:

a. he originally posted the Photograph in 2016;
b. the tweet had remained publicly accessible since 2016; and
c. he deleted the tweet **only after** receiving Plaintiff's 2025 infringement notice.

20. Manning's admissions confirm Vox's long-term knowing failure to remove the Photograph and its disregard for Plaintiff's rights and the 2017 Agreement.

21. These admissions, combined with the Lisk Declaration and Vox's prior settlement payment, establish beyond dispute that Vox engaged in repeat, continuous, and deliberate infringement of the Photograph for nearly a decade after expressly promising to remove all uses. Vox's actual knowledge in 2017, its failure to remove the Photograph despite contractual obligations, its financial benefit from SB Nation content, and its reliance on a contributor under its brand demonstrate a pattern of intentional, reckless, systemic disregard for Plaintiff's rights. Each display, load, embed, rendering, or view of the Photograph from 2016–2025 constitutes a fresh act of infringement under *Goldman v. Breitbart*, rendering Vox liable for continuous willful infringement and bad-faith breach of contract.

## D. Additional Damages Facts

22. Vox derived substantial benefit from the Photograph's continued public display through audience engagement, SEO, branding, and social media visibility tied to SB Nation and CelticsBlog.
23. Vox's conduct represents a **systemic, reckless, and knowing disregard** for Plaintiff's rights and its own settlement obligations.

## CAUSES OF ACTION

## COUNT I — Copyright Infringement (17 U.S.C. § 501)

24. Plaintiff repeats and realleges the foregoing allegations.
25. Vox reproduced, displayed, and distributed the Photograph without authorization.
26. Vox had actual knowledge of Plaintiff's rights based on the 2017 litigation and settlement.
27. The infringement was **knowing, intentional, and continuous** for nearly a decade.
28. Plaintiff is entitled to statutory damages up to **$150,000** for willful infringement, or actual damages and Defendant's profits.
29. Plaintiff is further entitled to permanent injunctive relief.

## COUNT II — Breach of Contract (2017 Settlement Agreement)

30. Plaintiff repeats and realleges the foregoing allegations.
31. The 2017 Agreement is valid, binding, and enforceable.
32. Vox breached the Agreement by:

a. failing to remove the Photograph as warranted;
b. allowing the Photograph to remain publicly accessible for nine years post-settlement; and
c. failing to prevent ongoing display and dissemination.

33. Vox's breach was knowing, intentional, and in bad faith.
34. Plaintiff suffered damages not less than **$575,000**, including consequential damages arising from Vox's repeated misuse.

---

**PRAYER FOR RELIEF**

Plaintiff requests judgment in his favor against Vox as follows:

A. Statutory damages up to **$150,000** for willful infringement;
B. Actual damages and Defendant's profits;
C. Contract damages of **no less than $575,000**;
D. Punitive damages;
E. Permanent injunctive relief;
F. Costs and fees as permitted by law;
G. Any other relief the Court deems just and proper.

---

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable.

---

**Dated:** December 1, 2025
**New York, New York**