UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

JUSTIN GOLDMAN,                                    :
                                                   :
                          Plaintiff,               :     Case No. 1:25-cv-09910-JGK
                                                   :
            - against -                            :
                                                   :
VOX MEDIA, LLC,                                    :
                                                   :
                          Defendant.               :
------------------------------------------------------------------ x

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS THE AMENDED COMPLAINT**

Rachel F. Strom
Raphael Holoszyc-Pimentel
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, New York 10020
Telephone: (212) 489-8230
rachelstrom@dwt.com
rhp@dwt.com

*Attorneys for Defendant Vox Media, LLC*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................... 3

    A.    The 2017 Action ......................................................................................... 3

    B.    This Action.................................................................................................. 5

ARGUMENT.................................................................................................................................. 5

    A.    Goldman's Claims Are Time-Barred...................................................... 6

    B.    Goldman's Claims Are Barred by *Res Judicata* ................................... 11

    C.    Goldman Fails to Identify Any Allegedly Breached Term in the Agreement ...... 12

    D.    The Court Should Award Vox Media's Attorney's Fees....................................... 13

CONCLUSION.............................................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfa Laval Inc. v. Flowtrend, Inc.*,
No. CV H-14-2597, 2016 WL 2625068 (S.D. Tex. May 9, 2016) ..........................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).............................................................................................................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).............................................................................................................5

*Bell v. Oakland Cmty. Pools Project, Inc.*,
No. 19-cv-01308-JST, 2020 WL 4458890 (N.D. Cal. May 4, 2020) ........................................9

*Bolano v. Grant*,
No. 2:22-CV-04531-SVW-KS, 2023 WL 4291980 (C.D. Cal. May 16, 2023) ..................9, 10

*Chase Manhattan Bank, N.A. v. Celotex Corp.*,
56 F.3d 343 (2d Cir. 1995)................................................................................................11

*Chelko v. Does*,
No. 3:18-CV-00536-GCM, 2019 WL 3294201 (W.D.N.C. July 22, 2019) ......................9, 10

*Color Image Apparel, Inc. v. Jaeschke*,
No. 2:21-cv-07187-SVW-MAR, 2022 WL 2643476 (C.D. Cal. June 7, 2022) ..................9, 11

*Dermansky v. Young Turks, Inc.*,
No. 2:23-CV-05868-SB-SK, 2023 WL 8884364 (C.D. Cal. Nov. 3, 2023)........................8, 9

*Dorval v. Rahimi*,
No. 2:24-CV-01347-JLS-MRW, 2024 WL 3659601 (C.D. Cal. July 5, 2024)........................8

*EMI Catalogue P'ship v. CBS/Fox Co.*,
No. 86 Civ. 1149 (PKL), 1996 WL 280813 (S.D.N.Y. May 24, 1996)................................13

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517 (1994)...........................................................................................................13

*Goldman v. Authentic Brands Grp. LLC*,
No. 654801/2025 (Sup. Ct. N.Y. Cnty. Aug. 12, 2025) .........................................................2

*Goldman v. BMG Rights Mgmt. (US) LLC*,
No. 656058/2025 (Sup. Ct. N.Y. Cnty. Oct. 1, 2025),
*removed*, No. 1:25-cv-10137-JAV (S.D.N.Y. Dec. 5, 2025)..................................................2

*Goldman v. Breitbart News Network, LLC*,
302 F. Supp. 3d 585 (S.D.N.Y. 2018).................................................................1, 7, 10, 13

*Goldman v. Create Music Grp., Inc.*,
No. 659303/2025 (Sup. Ct. N.Y. Cnty. Oct. 22, 2025)...............................................2

*Goldman v. Empire Distrib., Inc.*,
No. 659102/2025 (Sup. Ct. N.Y. Cnty. Oct. 14, 2025)...............................................2

*Goldman v. Empire Distrib., Inc.*,
No. 659681/2025 (Sup. Ct. N.Y. Cnty. Nov. 10, 2025) ..............................................2

*Goldman v. ESPN Inc.*,
No. 654881/2025 (Sup. Ct. N.Y. Cnty. Aug. 13, 2025) ..............................................2

*Goldman v. Fox Sports Interactive Media, LLC*,
No. 654835/2025 (Sup. Ct. N.Y. Cnty. Aug. 13, 2025) ..............................................2

*Goldman v. Fyrehouse Ent., LLC*,
No. 659616/2025 (Sup. Ct. N.Y. Cnty. Nov. 6, 2025) ................................................2

*Goldman v. Kurate Music Ltd*,
No. 659452/2025 (Sup. Ct. N.Y. Cnty. Oct. 29, 2025)...............................................2

*Goldman v. Manifest Multimedia, Inc.*,
No. 659232/2025 (Sup. Ct. N.Y. Cnty. Oct. 20, 2025)...............................................2

*Goldman v. Nation, LLC*,
No. 659732/2025 (Sup. Ct. N.Y. Cnty. Nov. 12, 2025) ..............................................2

*Goldman v. NBC Universal Media, LLC*,
No. 654829/2025 (Sup. Ct. N.Y. Cnty. Aug. 13, 2025),
*removed*, No. 1:25-cv-08866-LAK-SN (S.D.N.Y. Oct. 27, 2025)..................................2

*Goldman v. Playmaker HQ, Inc.*,
No. 659197/2025 (Sup. Ct. N.Y. Cnty. Oct. 17, 2025)...............................................2

*Goldman v. Power Moves Inc.*,
No. 659359/2025 (Sup. Ct. N.Y. Cnty. Oct. 24, 2025)...............................................2

*Goldman v. Rebel Music, LLC*,
No. 659312/2025 (Sup. Ct. N.Y. Cnty. Oct. 23, 2025),
*removed*, No. 1:25-cv-09594-JHR-SDA (S.D.N.Y. Nov. 17, 2025)................................2

*Goldman v. Sony Music Ent.*,
No. 655260/2025 (Sup. Ct. N.Y. Cnty. Sept. 3, 2025),
*removed*, No. 1:25-cv-08139-LJL (S.D.N.Y. Oct. 1, 2025)...........................................2

*Goldman v. Sony Music Ent.*,
No. 659314/2025 (Sup. Ct. N.Y. Cnty. Oct. 20, 2025)...........................................................2

*Goldman v. Sony Music Ent.*,
No. 659364/2025 (Sup. Ct. N.Y. Cnty. Oct. 20, 2025),
*removed*, No. 1:25-cv-09644-JPC-HJR (S.D.N.Y. Nov. 19, 2025) ....................................2

*Goldman v. Sony Music Ent.*,
No. 659403/2025 (Sup. Ct. N.Y. Cnty. Oct. 28, 2025),
*removed*, No. 1:25-cv-09682-AS (S.D.N.Y. Nov. 20, 2025) ................................................2

*Goldman v. Uproxx Studios, LLC*,
No. 656688/2025 (Sup. Ct. N.Y. Cnty. Dec. 16, 2025)..........................................................2

*Goldman v. Vox Media, LLC*,
No. 659360/2025 (Sup. Ct. N.Y. Cnty. Oct. 17, 2025),
*removed*, No. 1:25-cv-09910-JGK (S.D.N.Y. Nov. 26, 2025) ............................................2

*Goldman v. We Family LLC*,
No. 659417/2025 (Sup. Ct. N.Y. Cnty. Oct. 28, 2025)..........................................................2

*Hayden v. Koons*,
No. 21-CV-10249 (TMR), 2025 WL 605009 (S.D.N.Y. Feb. 25, 2025) .............................6, 7

*Henry v. Bank of Am.*,
48 N.Y.S.3d 67 (App. Div. 1st Dep't 2017) .............................................................................10

*Hertz Glob. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
530 F. Supp. 3d 447 (S.D.N.Y. 2021)......................................................................................6

*Hudson v. Universal Studios Inc.*,
235 F. App'x 788 (2d Cir. 2007) ........................................................................................11, 12

*In re Row NYC, LLC*,
No. 23-10015 (JLG), 2023 WL 5988143 (Bankr. S.D.N.Y. Sept. 14, 2023) ..........................4

*Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC*,
399 F. Supp. 3d 120 (S.D.N.Y. 2019)......................................................................................7

*Kirtsaeng v. John Wiley & Sons, Inc.*,
579 U.S. 197 (2016)..................................................................................................................13

*Kraft v. Third Coast Mistream*,
No. 19-CV-9398 (LJL), 2021 WL 860987 (S.D.N.Y. Mar. 8, 2021).....................................12

*Kramer v. Time Warner Inc.*,
937 F.2d 767 (2d Cir. 1991).................................................................................................4, 6

*Learning Links, Inc. v. United Parcel Serv. of Am., Inc.*,
No. 03 Civ. 7902 (DAB), 2006 WL 785274 (S.D.N.Y. Mar. 27, 2006) .................................10

*Levisohn, Lerner, Berger & Langsam v. Med. Taping Sys., Inc.*,
20 F. Supp. 2d 645 (S.D.N.Y. 1998).....................................................................................12

*Makedwde Pub. Co. v. Johnson*,
37 F.3d 180 (5th Cir. 1994) ....................................................................................................9

*Michael Grecco Prods., Inc. v. RADesign, Inc.*,
112 F.4th 144 (2d Cir. 2024) ..................................................................................................6

*Michael Grecco Prods., Inc. v. RADesign, Inc.*,
678 F. Supp. 3d 405 (S.D.N.Y. 2023),
*vacated on other grounds*, 112 F.4th 144 (2d Cir. 2024) ........................................................8

*Minden Pictures, Inc. v. Complex Media, Inc.*,
No. 22-CV-4069 (RA), 2023 WL 2648027 (S.D.N.Y. Mar. 27, 2023), *abrogated on other
grounds by Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144 (2d Cir. 2024)......8

*Orange Cnty. Choppers, Inc. v. Olaes Enters., Inc.*,
497 F. Supp. 2d 541 (S.D.N.Y. 2007)...................................................................................13

*Parry v. URBN US Retail LLC*,
No. 2:24-CV-01629, 2025 WL 3214771 (E.D. Pa. Nov. 17, 2025) .........................................9

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
572 U.S. 663 (2014)........................................................................................................8, 9, 11

*Samuels v. N. Telecom, Inc.*,
942 F.2d 834 (2d Cir. 1991).................................................................................................11

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
547 F.3d 406 (2d Cir. 2008)................................................................................................4, 6

*Walsh v. Townsquare Media, Inc.*,
No. 19-CV-4958 (VSB), 2022 WL 1302216 (S.D.N.Y. May 2, 2022)...................................13

*Wolf v. Travolta*,
167 F. Supp. 3d 1077 (C.D. Cal. 2016) ..................................................................................8

*Wolff v. Rare Medium, Inc.*,
210 F. Supp. 2d 490 (S.D.N.Y. 2002), *aff'd*, 65 F. App'x 736 (2d Cir. 2003)........................12

**Statutes**

6 Del. C. § 18-214..................................................................................................................4

17 U.S.C. § 505................................................................................................................1, 13

17 U.S.C. § 507.................................................................................................................6

28 U.S.C. § 1338.............................................................................................................5

**Rules**

Fed. R. Civ. P. 5..............................................................................................................7

Fed. R. Civ. P. 12........................................................................................................1, 6

Fed. R. Civ. P. 54...........................................................................................................13

N.Y. C.P.L.R. § 213........................................................................................................10

Defendant Vox Media, LLC ("Vox Media") respectfully submits this memorandum of law in support of its Motion to dismiss the Amended Complaint (Dkt. 9) of *pro se* Plaintiff Justin Goldman ("Goldman") under Federal Rule of Civil Procedure 12(b)(6) and for costs and attorney's fees under 17 U.S.C. § 505.

**PRELIMINARY STATEMENT**

In this case, Goldman is suing over an alleged copyright infringement that he has known about since at least 2017, when it was disclosed to him in a publicly filed declaration in a different copyright lawsuit. His claims were long ago time-barred, and are also barred by *res judicata*.

Specifically, in 2016, Goldman snapped an amateur photograph of Tom Brady and members of the Boston Celtics on a street in the Hamptons (the "Photograph"). Goldman uploaded the Photograph to social media, and it soon went viral because it fueled speculation that Brady was helping the Celtics recruit basketball player Kevin Durant.

In 2017, Goldman sued several online publishers (including Vox Media and others) that had embedded various tweets containing the Photograph into their news articles (the "2017 Action"). *See generally Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 586–87 (S.D.N.Y. 2018). As Plaintiff admits in the Amended Complaint, one of the tweets at issue in the 2017 Action was posted by the user @RealBobManning (the "RealBobManning Tweet"), which was specifically disclosed to Goldman in a declaration in that lawsuit (the "Lisk Declaration"). Am. Compl. ¶ 14; Ex. 2, ¶ 5 & Ex. B.[1] On the same day that the Lisk Declaration

---

[1] Citations to numerical exhibits ("Ex. #") are to exhibits attached to the Strom Declaration filed herewith. Certain of those exhibits contain within them alphabetical exhibits, which are cited as "Ex. # & Ex. X".

1

was served, Goldman resolved his claims against Vox Media in a confidential settlement agreement (the "Agreement") and then dismissed the 2017 Action with prejudice.

Now, eight years later, Goldman has embarked on a campaign to remonetize a stale news Photograph by serially filing copyright lawsuits of dubious merit. In the last five months, Goldman has filed no less than 22 lawsuits over copyrighted works, including seven suits over the 2016 Photograph.[2]

In the instant action, Goldman claims that Vox Media is responsible for the allegedly infringing RealBobManning Tweet because—as was disclosed to him years ago in the 2017

---

[2] *See Goldman v. Uproxx Studios, LLC*, No. 656688/2025 (Sup. Ct. N.Y. Cnty. Dec. 16, 2025);
*Goldman v. Vox Media, LLC*, No. 659360/2025 (Sup. Ct. N.Y. Cnty. Oct. 17, 2025),
    *removed*, No. 1:25-cv-09910-JGK (S.D.N.Y. Nov. 26, 2025);
*Goldman v. Playmaker HQ, Inc.*, No. 659197/2025 (Sup. Ct. N.Y. Cnty. Oct. 17, 2025);
*Goldman v. ESPN Inc.*, No. 654881/2025 (Sup. Ct. N.Y. Cnty. Aug. 13, 2025);
*Goldman v. Fox Sports Interactive Media, LLC*, No. 654835/2025 (Sup. Ct. N.Y. Cnty. Aug. 13, 2025);
*Goldman v. NBC Universal Media, LLC*, No. 654829/2025 (Sup. Ct. N.Y. Cnty. Aug. 13, 2025),
    *removed*, No. 1:25-cv-08866-LAK-SN (S.D.N.Y. Oct. 27, 2025);
*Goldman v. Authentic Brands Grp. LLC*, No. 654801/2025 (Sup. Ct. N.Y. Cnty. Aug. 12, 2025);
*see also Goldman v. Nation, LLC*, No. 659732/2025 (Sup. Ct. N.Y. Cnty. Nov. 12, 2025);
*Goldman v. Empire Distrib., Inc.*, No. 659681/2025 (Sup. Ct. N.Y. Cnty. Nov. 10, 2025);
*Goldman v. Fyrehouse Ent., LLC*, No. 659616/2025 (Sup. Ct. N.Y. Cnty. Nov. 6, 2025);
*Goldman v. Kurate Music Ltd*, No. 659452/2025 (Sup. Ct. N.Y. Cnty. Oct. 29, 2025);
*Goldman v. We Family LLC*, No. 659417/2025 (Sup. Ct. N.Y. Cnty. Oct. 28, 2025);
*Goldman v. Sony Music Ent.*, No. 659403/2025 (Sup. Ct. N.Y. Cnty. Oct. 28, 2025),
    *removed*, No. 1:25-cv-09682-AS (S.D.N.Y. Nov. 20, 2025);
*Goldman v. Power Moves Inc.*, No. 659359/2025 (Sup. Ct. N.Y. Cnty. Oct. 24, 2025);
*Goldman v. Rebel Music, LLC*, No. 659312/2025 (Sup. Ct. N.Y. Cnty. Oct. 23, 2025),
    *removed*, No. 1:25-cv-09594-JHR-SDA (S.D.N.Y. Nov. 17, 2025);
*Goldman v. Create Music Grp., Inc.*, No. 659303/2025 (Sup. Ct. N.Y. Cnty. Oct. 22, 2025);
*Goldman v. Sony Music Ent.*, No. 659364/2025 (Sup. Ct. N.Y. Cnty. Oct. 20, 2025),
    *removed*, No. 1:25-cv-09644-JPC-HJR (S.D.N.Y. Nov. 19, 2025);
*Goldman v. Sony Music Ent.*, No. 659314/2025 (Sup. Ct. N.Y. Cnty. Oct. 20, 2025);
*Goldman v. Manifest Multimedia, Inc.*, No. 659232/2025 (Sup. Ct. N.Y. Cnty. Oct. 20, 2025);
*Goldman v. Empire Distrib., Inc.*, No. 659102/2025 (Sup. Ct. N.Y. Cnty. Oct. 14, 2025);
*Goldman v. BMG Rights Mgmt. (US) LLC*, No. 656058/2025 (Sup. Ct. N.Y. Cnty. Oct. 1, 2025),
    *removed*, No. 1:25-cv-10137-JAV (S.D.N.Y. Dec. 5, 2025);
*Goldman v. Sony Music Ent.*, No. 655260/2025 (Sup. Ct. N.Y. Cnty. Sept. 3, 2025),
    *removed*, No. 1:25-cv-08139-LJL (S.D.N.Y. Oct. 1, 2025).

Action—Manning is a contributor to Vox Media's SB Nation network of publications.[3]  Am. Compl. ¶ 13; Ex. 2, ¶ 6.  Goldman's claims are meritless.

*First*, Goldman—having been on actual notice of his infringement claim in 2017—was required to bring suit within three years under the Copyright Act's statute of limitations, *i.e.* by 2020 at the latest.  His claims are plainly time-barred.

*Second*, Goldman could have—but opted not to—assert a claim against Vox Media based on the RealBobManning Tweet in the 2017 Action.  Goldman dismissed the 2017 Action with prejudice, so he is precluded from relitigating that claim here under the doctrine of *res judicata*.[4]

*Finally*, Goldman fails to identify *any* provision of the Agreement that Vox Media supposedly breached.  The "warrant[ies]" he cites in the Amended Complaint are complete fabrications—they do not actually exist in the real Agreement.  *Compare* Am. Compl. ¶¶ 10–11, *with* Ex. 3, ¶ 4.

This Court should dismiss the Amended Complaint with prejudice and award Vox Media the costs and fees it has been forced to incur in defending this frivolous lawsuit.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    The 2017 Action

In 2016, Goldman took the Photograph, and it soon went viral on social media.  Am. Compl. ¶¶ 6, 13.  On July 2, 2016, Manning posted the RealBobManning Tweet, which contained the Photograph.  *Id.* ¶ 13.

---

[3] Although not relevant to this Motion, Manning's alleged "affiliation" with Vox Media does not render it liable for his alleged infringement.  Vox Media is not legally responsible for a Tweet on Manning's personal Twitter page, which Vox Media does not own or otherwise control.

[4] To be clear, Goldman's copyright claim fails on the pleadings under both the statute of limitations and *res judicata*.  Vox Media reserves its right to later argue that the claim is also covered by the Agreement's release, but Vox Media is not making that argument in this Motion.  Hence, Goldman's focus on the release in his pre-motion response letter misses the mark.  Dkt. 11 at 1–2.

In 2017, Goldman commenced the 2017 Action against nine online publishers, including, as relevant here, Gannett and Vox Media.[5]  Goldman alleged that an article on Gannett's website, The Big Lead, embedded a tweet containing the Photograph.  Ex. 1, ¶¶ 10(f), 12 & Ex. G.[6]  On October 5, 2017, in support of Gannett's motion for summary judgment, The Big Lead's managing editor submitted the Lisk Declaration, specifically identifying the RealBobManning Tweet as what was embedded in The Big Lead article.  Am. Comp. ¶ 14; Ex. 2, ¶¶ 1, 4.[7]  The Lisk Declaration even attached a complete copy of the RealBobManning Tweet, and identified @RealBobManning as "Bobby Manning, an SB Nation writer."  Am. Comp. ¶ 14; Ex. 2, ¶¶ 5–6 & Ex. B.

As for his claims against Vox Media in the 2017 Action, Goldman did not actually sue Vox Media over the RealBobManning Tweet at that time.  Instead, Goldman sued over an article on Vox Media's website, SB Nation, that had embedded a *different* user's tweet containing the same Photograph.  Ex. 1, ¶¶ 10(e), 12 & Ex. F.  On October 5, 2017, Goldman and Vox Media entered into a settlement Agreement to resolve his claims.  Ex. 3.[8]  On October 6, 2017, pursuant

---

[5] The 2017 Action was commenced against Vox Media, LLC's predecessor, Vox Media, Inc.  On November 4, 2019, Vox Media, Inc. was converted to Vox Media, LLC, and all the rights, privileges, and powers of the former vested in the latter pursuant to 6 Del. C. § 18-214(f).  Ex. 5.  The Court may take judicial notice of Vox Media's "Certificate of Conversion," which is a matter of public record.  *In re Row NYC, LLC*, No. 23-10015 (JLG), 2023 WL 5988143, at *10 n.14 (Bankr. S.D.N.Y. Sept. 14, 2023).

[6] "[C]ourts routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings."  *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (alteration in original) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).  These documents are properly "offered to show . . . that assertions were made in lawsuits . . . , which is all that is required to trigger inquiry notice" for purposes of the statute of limitations.  *Id.*  Here, that notice is especially powerful given that Goldman himself was a party to the 2017 Action involving the same RealBobManning Tweet.

[7] In addition to being judicially noticeable as a court filing, *see supra* note 6, the Lisk Declaration is incorporated by reference into the Amended Complaint ¶¶ 14, 17, 21.

[8] The Agreement is incorporated by reference into the Amended Complaint ¶¶ 9–12, 20, 31–32.

4

to the Agreement, Goldman voluntarily dismissed his claims against Vox Media *with prejudice*.

Ex. 4.

### B.    This Action

On October 17, 2025, Goldman improperly filed this copyright action in state court.[9]

Dkt. 1-1.  On November 26, Vox Media removed this action to this Court.  Dkt. 1.  On

December 1, Goldman amended his Complaint.  Dkt. 9.  Goldman asserts two counts:

First, he alleges that Vox Media infringed the Photograph when "Vox-affiliated

contributor Bobby Manning posted the Photograph" within the RealBobManning Tweet and left

it online until August 2025.  Am. Compl. ¶¶ 13–15, 24–29.

Second, he alleges that Vox Media breached "warrant[ies]" in the Agreement by not

removing the Photograph from the RealBobManning Tweet.  *Id.* ¶¶ 10–11, 30–34.  In truth, the

alleged "warranties" simply do not exist in the actual Agreement.  *Compare* Am. Compl. ¶¶ 10–

11, *with* Ex. 3, ¶ 4.

Goldman claims $150,000 in statutory damages for copyright infringement, $575,000 in

contract damages, and other relief.  Am. Compl. ¶¶ A, C.

### ARGUMENT

To survive a motion to dismiss for failure to state a claim, a complaint must contain

"enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007).  A claim is plausible only if the plaintiff pleads "factual content" that

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

---

[9] "No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights."  28 U.S.C. § 1338(a).  Federal courts have exclusive jurisdiction over copyright actions.  *Id.*

In considering a motion to dismiss, the Court considers "facts stated in the complaint," "documents . . . incorporated in the complaint by reference," and "matters of which judicial notice may be taken." *Kramer*, 937 F.2d at 773. Although the statute of limitations and *res judicata* are affirmative defenses, "a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint," its incorporated documents, and judicially noticed matters. *Staehr*, 547 F.3d at 425–26. Finally, where a plaintiff asserts a breach of contract, "the Court may dismiss . . . for failure to state a claim if the 'plain language' of the contract contradicts or fails to support the plaintiff's allegations of breach." *Hertz Glob. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 530 F. Supp. 3d 447, 454 (S.D.N.Y. 2021) (citation omitted).

Here, this Court has all it needs to dismiss this case based on Goldman's own Amended Complaint together with the Agreement and the publicly filed Lisk Declaration referred to throughout Goldman's pleading. Specifically, Goldman's copyright and contract claims are barred by (a) the statute of limitations and (b) *res judicata*. Additionally, Goldman's contract claim independently fails to allege an actual breach.

### A. Goldman's Claims Are Time-Barred

Goldman's claims are time-barred because he has been on notice of them since at least 2017, when the RealBobManning Tweet was disclosed to him in the Lisk Declaration.

A copyright action must be commenced "within three years after the claim accrued." 17 U.S.C. § 507(b). An infringement claim accrues when the plaintiff "discovers, or with due diligence should have discovered, the infringement." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024) (citation omitted). "The standard for whether a plaintiff should have discovered the relevant infringement is an objective one." *Hayden v. Koons*, No. 21-CV-10249 (TMR), 2025 WL 605009, at *7 (S.D.N.Y. Feb. 25, 2025) (citation omitted).

6

Because this "discovery rule" turns on the plaintiff's knowledge and diligence, a statute-of-limitations defense sometimes benefits from factual development. That is not necessary here. Here, based on Goldman's own pleading, it is clear that Goldman actually discovered the allegedly infringing RealBobManning Tweet by 2017, when it was disclosed to him in the Lisk Declaration—a public filing that is both judicially noticeable and incorporated by reference. Ex. 2, ¶ 5 & Ex. B; Am. Compl. ¶ 14.

The Lisk Declaration disclosing the RealBobManning Tweet was filed and served on the parties in the 2017 Action on October 5, 2017. Ex. 2; *see* Fed. R. Civ. P. 5(b)(2)(E) ("filing [a document] with the court's electronic-filing system" effects service).[10] Incredibly, Goldman alleges that "[d]uring the 2017 litigation, [Vox Media] had actual knowledge that the Manning tweet was still live, as shown by the Lisk Declaration." Am. Compl. ¶ 17. But if Vox Media had such knowledge because Vox Media was a party to the 2017 Action, the same is true for *Goldman*, who brought the 2017 Action. By his own reasoning—and common sense—Goldman was on notice of the RealBobManning Tweet when it was disclosed in the Lisk Declaration in 2017.[11]

---

[10] Additionally, the judge's February 15, 2018 opinion expressly referenced the RealBobManning Tweet and the Lisk Declaration. *Breitbart*, 302 F. Supp. 3d at 587, 593–94. Thus, even putting the Lisk Declaration itself aside, Goldman was required to bring this action by February 2021. He did not do so.

[11] To the extent Goldman might argue that his attorney (but not Goldman himself) had actual knowledge of the RealBobManning Tweet in the Lisk Declaration, that argument fails, because his attorney's knowledge is imputed to Goldman. "[A]n agent's knowledge is properly imputed to his or her principal for statute of limitations purposes . . . where a party's lawyer acquires knowledge about his or her claim." *Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC*, 399 F. Supp. 3d 120, 137 (S.D.N.Y. 2019) (collecting cases). Moreover, even if Goldman did not have actual knowledge, Goldman "with due diligence should have discovered" the RealBobManning Tweet when the Lisk Declaration was filed, because a duly diligent plaintiff should have read the filings—and the judge's opinion—in his own case. *Hayden*, 2025 WL 605009, at *9 (citation omitted).

7

Accordingly, Goldman's claim accrued back in 2017 when the Lisk Declaration was filed, and Goldman was required to bring suit by 2020 at the latest.  Thus, this 2025 copyright action is time-barred.

Even if, as Goldman alleges, the RealBobManning Tweet remained online until 2025, Am. Compl. ¶ 15, the "theory that merely leaving a copyrighted work on a website—without more—constitutes separate infringement (thereby continuously triggering a restarted limitations clock) . . . is foreclosed as a matter of law."  *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 678 F. Supp. 3d 405, 411 (S.D.N.Y. 2023), *vacated on other grounds*, 112 F.4th 144 (2d Cir. 2024). "The fact that the allegedly infringing document . . . *remained* on [a] website . . . does not give rise to a discrete claim accruing within the three-year window."  *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1099 n.13 (C.D. Cal. 2016) (second emphasis added).  This is because the Supreme Court has distinguished between "[s]eparately accruing harm," which restarts the limitations period, and "harm from past violations that are continuing," which does not.  *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 n.6 (2014).  Leaving a prior allegedly infringing post on a website is merely a "*past violation[] that [is] continuing*" and does not continuously reset the limitations period.  *Wolf*, 167 F. Supp. 3d at 1099 n.13 (quoting *Petrella*, 572 U.S. at 671 n.6).  "Courts relying on *Petrella* have thus concluded that an allegedly infringing work published on a . . . website does not trigger a separately accruing harm merely by remaining present on the internet."  *Minden Pictures, Inc. v. Complex Media, Inc.*, No. 22-CV-4069 (RA), 2023 WL 2648027, at *3 (S.D.N.Y. Mar. 27, 2023), *abrogated on other grounds by Michael Grecco*, 112 F.4th 144.[12]

---

[12] *See also Dorval v. Rahimi*, No. 2:24-CV-01347-JLS-MRW, 2024 WL 3659601, at *3 (C.D. Cal. July 5, 2024) ("content that was left posted online" does not trigger separate accruals); *Dermansky v. Young Turks, Inc.*, No. 2:23-CV-05868-SB-SK, 2023 WL 8884364, at *3 (C.D. Cal. Nov. 3, 2023) ("Plaintiff cannot rely on the separate-accrual rule" based on "Defendant's failure to remove" the work from

This rule makes sense because a copyright claim requires an "infringing act," such as an act of reproduction or public display. *Petrella*, 572 U.S. at 670–71. "[T]he only potential 'infringing act[]' here [is] the original post[] that [Manning] made on his personal [Twitter] page sharing the [Photograph]," back in 2016. *Color Image*, 2022 WL 2643476, at *3. Passively "leaving [the Photograph] up on [Twitter] does not involve any new act" by Manning or Vox Media. *Id.* at *2; *see also Dermansky*, 2023 WL 8884364, at *3 ("The sole infringing act that Defendant allegedly committed . . . is posting the video on its YouTube channel. Defendant's failure to remove it [or] inaction does not constitute a discrete infringing act . . . ."); *Parry v. URBN US Retail LLC*, No. 2:24-CV-01629, 2025 WL 3214771, at *8 (E.D. Pa. Nov. 17, 2025) ("It is the discrete act of posting the [work] that constitutes the infringement. That the [work] remained up [on the online platform] does not mean [a separate] *infringement* continued . . . ."). Thus, after 2016, Vox Media engaged in no "infringing acts" that could give rise to a timely claim.[13]

In sum, given Goldman's discovery of the RealBobManning Tweet by 2017, the limitations period expired by 2020, regardless of whether the Tweet remained online after that. Goldman's theory of continual liability for an online post "would render the statute of limitations

---

website); *Color Image Apparel, Inc. v. Jaeschke*, No. 2:21-cv-07187-SVW-MAR, 2022 WL 2643476, at *3 (C.D. Cal. June 7, 2022) ("[M]erely leaving infringing content up on a website does not constitute a separately accruing harm."); *Bell v. Oakland Cmty. Pools Project, Inc.*, No. 19-cv-01308-JST, 2020 WL 4458890, at *5 (N.D. Cal. May 4, 2020) ("[T]he mere fact that a document remained online does not trigger the separate-accrual rule."); *Bolano v. Grant*, No. 2:22-CV-04531-SVW-KS, 2023 WL 4291980, at *3 (C.D. Cal. May 16, 2023) (same); *Chelko v. Does*, No. 3:18-CV-00536-GCM, 2019 WL 3294201, at *4–5 (W.D.N.C. July 22, 2019) (similar).

[13] Even if "others may have downloaded the [Photograph] after [2016], Defendant[] [is] 'only liable for [*its own*] acts of infringement.'" *Alfa Laval Inc. v. Flowtrend, Inc.*, No. CV H-14-2597, 2016 WL 2625068, at *6 (S.D. Tex. May 9, 2016) (emphasis added) (quoting *Makedwde Pub. Co. v. Johnson*, 37 F.3d 180, 182 (5th Cir. 1994)). Vox Media is not liable for subsequent downloads by *others*. In any event, Goldman does not allege that any person actually downloaded the RealBobManning Tweet after 2016.

meaningless in the context of online infringement," and defendants would face liability in perpetuity. *Bolano*, 2023 WL 4291980, at *3; *see also Chelko*, 2019 WL 3294201, at *5 (plaintiff's theory would render "the statute of limitations . . . obsolete for the internet"). It is no wonder that courts have widely rejected that theory.[14]

Finally, with respect to Goldman's contract claim, it is likewise time-barred. In New York,[15] contract claims must be brought within six years of accrual. N.Y. C.P.L.R. § 213(2). "[I]t is well established that New York's six-year limitations period begins to run at the time of the contractual breach, not when the injured party discovers the breach." *Learning Links, Inc. v. United Parcel Serv. of Am., Inc.*, No. 03 Civ. 7902 (DAB), 2006 WL 785274, at *5 (S.D.N.Y. Mar. 27, 2006) (collecting cases).

While it is unclear what contractual provision Goldman thinks Vox Media breached (in fact, there is none, as explained *infra* Part C), his theory appears to be that Vox Media was required to "immediately" cease use of the Photograph but breached by failing to remove the Photograph from the RealBobManning Tweet. Am. Compl. ¶¶ 10(a), 32(a). Thus, any alleged breach would have occurred upon execution of the Agreement on October 5, 2017 (which, incidentally, is also the same day the Lisk Declaration was filed and served). Ex. 3. Goldman was required to bring suit within six years, by 2023. Again, this 2025 action is time-barred.[16]

---

[14] Goldman incorrectly cites *Breitbart* to argue that "a fresh act of infringement" continuously accrued due to the RealBobManning Tweet remaining online. Am. Compl. ¶ 21. In fact, *Breitbart* said nothing of the sort, and that case had nothing to do with the statute of limitations. *See Breitbart*, 302 F. Supp. 3d 585.

[15] The Agreement is governed by New York law. Ex. 3, ¶ 7.

[16] Like in the copyright context, the mere fact that the Photograph remained online does not constitute new breaches that continuously reset the limitations period. Contract law draws a similar distinction between "independent, distinct wrongs" and "a single wrong that has continuing effects," *Henry v. Bank of Am.*, 48 N.Y.S.3d 67, 70 (App. Div. 1st Dep't 2017) (collecting cases), just as copyright law distinguishes between "[s]eparately accruing harm" and "harm from past violations that are continuing,"

10

### B.       Goldman's Claims Are Barred by *Res Judicata*

Goldman's claims also fail under the doctrine of *res judicata*.  "A voluntary dismissal with prejudice is an adjudication on the merits for purposes of *res judicata*."  *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995).  "A dismissal with prejudice is *res judicata* not only as to the matters actually litigated in the previous action, 'but as to all relevant issues which could have been but were not raised and litigated in the suit.'"  *Samuels v. N. Telecom, Inc.*, 942 F.2d 834, 836 (2d Cir. 1991) (citation omitted).

Here, Goldman voluntarily dismissed the 2017 Action against Vox Media with prejudice.  Ex. 4.  In the 2017 Action, Goldman litigated infringement of the Photograph arising from the RealBobManning Tweet.  Indeed, Goldman actually litigated that issue against Gannett.  Ex. 1, ¶ 10(f) & Ex. G; Ex. 2, ¶¶ 4–5.  Goldman could have—but opted not to—litigate that issue against Vox Media in the 2017 Action.  Goldman is now precluded from relitigating that very issue against Vox Media here under the doctrine of *res judicata*.  *See Hudson v. Universal Studios Inc.*, 235 F. App'x 788, 790 (2d Cir. 2007) (*res judicata* bars "[i]dentical claims of copyright infringement . . . regarding this work . . . raised in an earlier action").

Even if, as Goldman alleges, the RealBobManning Tweet remained online after the dismissal of the 2017 Action, Am. Compl. ¶ 15, that mere fact does not give rise to a new infringement claim escaping the *res judicata* effect of the dismissal.  That is because, again, the only allegedly infringing act taken by Manning was the original act of posting the RealBobManning Tweet on July 2, 2016.  *Id.* ¶ 13; *see supra* p.9 (citing, *inter alia*, *Color Image*, 2022 WL 2643476, at *2–3).  The only allegedly infringing act occurred in 2016 when the

---

*Petrella*, 572 U.S. at 671 n.6.  Leaving a post on a website falls into the latter category and does not continually reset the limitations period, under either contract or copyright law.

RealBobManning Tweet was published, and it is covered by the *res judicata* effect of the 2017

Action's dismissal.

Similarly, Goldman's contract claim is barred by *res judicata*. Goldman alleges that Vox

Media was required, but failed, to "immediately" remove the RealBobManning Tweet. Am.

Compl. ¶¶ 10(a), 32(a). Thus, the alleged breach occurred upon execution of the Agreement on

October 5, 2017—while the 2017 Action was still pending. Ex. 3. The next day, on October 6,

2017, Goldman voluntarily dismissed the 2017 Action with prejudice. Ex. 4. Therefore, "the

breach of contract claim could have and should have been brought in the [earlier] action" and is

now barred by *res judicata*. *Hudson*, 235 F. App'x at 790.

### C.    Goldman Fails to Identify Any Allegedly Breached Term in the Agreement

Goldman's claim for breach of the Agreement fails for another independent reason. To

plead a contract claim, the plaintiff "must identify the specific provision of the contract that was

breached." *Wolff v. Rare Medium, Inc.*, 210 F. Supp. 2d 490, 494 (S.D.N.Y. 2002), *aff'd*, 65 F.

App'x 736 (2d Cir. 2003). "To the extent that [Goldman's] allegations are contradicted by the

. . . Agreement, the . . . Agreement of course controls." *Levisohn, Lerner, Berger & Langsam v.

Med. Taping Sys., Inc.*, 20 F. Supp. 2d 645, 649 (S.D.N.Y. 1998). "The terms of that Agreement

. . . govern over Plaintiff['s] inaccurate description of it." *Kraft v. Third Coast Mistream*, No.

19-CV-9398 (LJL), 2021 WL 860987, at *2 n.2 (S.D.N.Y. Mar. 8, 2021).

Here, Goldman does not identify any specific provision of the Agreement that was

breached, because there is none. He falsely alleges—without citation to any paragraph number

in the Agreement—that Vox Media "warranted" that it would immediately cease use of the

Photograph, remove it from any Vox Media platforms, and not "publish or republish" it in the

future. Am. Compl. ¶¶ 10–11. In fact, none of these supposed "warranties" appear anywhere in

the Agreement, and the false "publish or republish" quote is simply a fabrication. In reality,

12

Paragraph 4 of the Agreement contains the actual warranties, and they impose obligations only on *Goldman*—not Vox Media.  Ex. 3, ¶ 4.

While Goldman may want to protect his Photograph, he cannot do so through extra-contractual obligations that simply do not exist in the Agreement.  *See Orange Cnty. Choppers, Inc. v. Olaes Enters., Inc.*, 497 F. Supp. 2d 541, 554 (S.D.N.Y. 2007) (dismissing contract claim because no provision of the agreement "specifically prohibit[ed] the unauthorized use of [plaintiff's] intellectual property").  Thus, Goldman fails to allege any breach of the Agreement by Vox Media.

**D.      The Court Should Award Vox Media's Attorney's Fees**

In a copyright action, the Court may award costs and "a reasonable attorney's fee to the prevailing party."  17 U.S.C. § 505.  In exercising its discretion to award fees, the Court can consider several factors, including "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence."  *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (alteration in original) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

Goldman should shoulder the costs he has imposed on Vox Media through this frivolous lawsuit.  Upon dismissal of this action, Vox Media will renew its request for costs and attorney's fees under Rule 54(d)(2)(B)(i).  At that juncture, Vox Media will explain why a fee award is supported by all the relevant factors—especially Goldman's astronomical and unreasonable settlement demands.  *See Walsh v. Townsquare Media, Inc.*, No. 19-CV-4958 (VSB), 2022 WL 1302216, at *3–4 (S.D.N.Y. May 2, 2022) ("The baselessness of [plaintiff's] large settlement demand speaks to bad faith [and] strongly favors an award of fees."); *EMI Catalogue P'ship v. CBS/Fox Co.*, No. 86 Civ. 1149 (PKL), 1996 WL 280813, at *2 (S.D.N.Y. May 24, 1996) ("[T]he Court can consider evidence of settlement negotiations where, as here, that evidence is

13

probative of the objective unreasonableness of the claim for purposes of determining whether to award attorney's fees under the Copyright Act.").  Goldman's unreasonableness counsels in favor of awarding Vox Media attorney's fees.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Amended Complaint with prejudice and award Vox Media its costs and attorney's fees.


Dated: January 5, 2026
      New York, New York

      Respectfully submitted,

      DAVIS WRIGHT TREMAINE LLP

      By: */s/ Rachel F. Strom*

      Rachel F. Strom
      Raphael Holoszyc-Pimentel
      1251 Avenue of the Americas, 42nd Floor
      New York, New York 10020
      Telephone: (212) 489-8230
      rachelstrom@dwt.com
      rhp@dwt.com

      *Attorneys for Defendant Vox Media, LLC*

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATIONS

I hereby certify that the word count of this memorandum of law complies with the word limits of the Court's Individual Practices § III.D.  According to the word-processing system used to prepare this memorandum of law, the total word count for all printed text exclusive of the material omitted under the Court's Individual Practices § III.D is 4,728 words.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: January 5, 2026
       New York, New York

                                        */s/ Rachel F. Strom*
                                        Rachel F. Strom

15