# EXHIBIT 3

SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into as of the  5th day of October, 2017 (the "Effective Date"), by and between Justin Goldman  ("Goldman") and Vox Media, Inc. ("User").

WHEREAS, Goldman has represented to User that he is the sole and exclusive owner of the copyright in and for the photograph of Tom Brady (annexed hereto as Exhibit "A") (the "Brady Photo"); and

WHEREAS, User is the sole owner of the following brands/properties: Curbed, Eater, Polygon, Racked, Recode, SBNation and its network of sports blogs, TheVerge, and Vox ("the Brands");  and

WHEREAS, Goldman has asserted claims against User for copyright infringement and other causes of action based on the alleged publication and dissemination by User of the Brady Photo on websites associated with the Brands (the "Claims"); and

WHEREAS, in April 2017 Goldman commenced a copyright infringement action in the U.S. District Court for the Southern District of New York against, inter alia, User, which action is entitled Goldman v. Breitbart News Network, LLC, et al, 17 CV 3144 (KBF), and which action is based on the Claims ("the Action"); and

WHEREAS, the parties desire to resolve their differences arising out of User's alleged uses of the Brady Photo identified in Exhibit "A" hereto prior to the Effective Date of this Agreement without litigation and without any admission of wrongdoing by User.

4823-5016-6353v.1 0099704-000005

NOW THEREFORE, in consideration of the mutual covenants and promises hereinafter made, and for other good and valuable consideration, the receipt and sufficiency of which are mutually acknowledged, the parties agree as follows:

1. Incorporation of Recitals: The definitions set forth in the foregoing recitals are an integral part of this Agreement and are incorporated herein by reference.

2 . Settlement Payment: User shall pay or cause to be paid to Goldman the total amount of $30,000 (the "Payment") by good check or wire transfer simultaneously with the execution of this Agreement.  If by check, it should be made payable to "Norwick & Schad as attorneys," and delivered to that firm at 110 East 59th Street, New York, NY 10022.  If by wire transfer, it should be sent to Norwick & Schad, Routing 021000089, Account No.  00594611.  Receipt of the Payment shall constitute full and final settlement of all claims and disputes between the parties concerning the Claims and User's use of the Brady Photo prior to the Effective Date.  Goldman acknowledges and agrees that he is solely responsible for satisfying from the Payment any and all claims for attorneys' fees and the costs or expenses relating to the Claims and the matters contained in this Agreement.

3. Release: Conditioned upon receipt of the Payment, Goldman, on his own behalf and on behalf of his heirs, representatives, predecessors, successors, agents, licensees and assigns hereby fully, irrevocably, and unconditionally releases, acquits, waives and forever discharges User and its past, present or future affiliates, officers, directors, members, insurers, employees, shareholders, agents, attorneys, trustees, beneficiaries, heirs, predecessors, successors, parents, subsidiaries, representatives and assigns, and all others acting by, through, or in concert with any of them, including all persons who were involved in any use (including publication) of the Brady

4823-5016-6353v.1 0099704-000005

Photo (the persons who are being released hereunder are referred to as the "Released Parties"), from any and all manner of actions, causes of action, suits, debts, accounts, covenants, agreements, controversies, damages, liabilities, obligations, payments, judgments, costs, charges, penalties, forfeitures, expenses, attorneys' fees, claims and demands whatsoever, whether at law or in equity or pursuant to any statute, whether known or unknown, foreseen or unforeseen, relating to the Claims or User's use (including publication) of the Brady Photo from the beginning of time to and including the Effective Date of this Agreement.  In addition, within three days of receipt of the Payment Goldman's attorneys shall duly file with the Court a notice of discontinuance with prejudice of the Action as against User.

4. <u>Representations and Warranties</u>: Goldman represents and warrants that he is the sole and exclusive legal and beneficial owner of the copyright rights of the Brady Photo and all other intellectual and other property rights relating to the Brady Photo; that he has not assigned any of those ownership rights to any third parties; and that no third party has any right to assert a copyright infringement or other claim against User for its use of the Brady Photo.  Goldman further represents and warrants that he is the sole and lawful owner of all rights, titles and interest in and to every claim and other matter that he is releasing hereby and that no other party has received any assignment or other right of substitution or subrogation to any such claim or matter. Goldman agrees to defend, hold harmless and fully indemnify User and any of the Released Parties from and against any claims which may be asserted against any of the Released Parties relating to their use of the Brady Photo and any of matters covered by paragraph 3 hereof.

5. <u>Representations Concerning This Agreement</u>: Each party to this Agreement represents that he or it has read this Agreement and understands its content and effect; that he or it has had

4823-5016-6353v.1 0099704-000005

the advice of counsel in entering into this Agreement; that he or it has the capacity and right to enter into, deliver and perform this Agreement; and that he or it accepts the duties, obligations, privileges, and rights granted hereunder. The parties further represent and acknowledge that they have entered into this Agreement after being fully informed and advised by their respective counsel concerning its terms.  In doing so, the parties have not relied on any statement, representation, agreement or promises by any person other than those statements, representations or promises contained in this Agreement. Each party acknowledges that he or it has freely executed this Agreement after independent investigation, with the opportunity to consult independent counsel and without fraud, duress or undue influence.  Each party shall bear his or its own costs, including but not limited to attorneys' fees incurred with respect to the Claims and all matters relating to the negotiation, preparation and execution of this Agreement.

6.  <u>Confidentiality</u>:  The parties, including their respective legal representatives, shall maintain strict confidentiality of this Agreement. The parties, including their respective legal representatives, shall not issue any press release, make any public statement, publish any information or contact any members of the press, the media, or any legal reporting service about the fact or terms of this Agreement.  In addition, the parties, including their respective legal representatives, shall not disclose and/or discuss the Claims and/or the existence or terms of the Agreement to any person or entity, except to the extent as reasonably required to their legal representatives, attorneys, accountants, tax preparers, insurers; in a court proceeding for the enforcement of any right accruing in favor of or against a party under this Agreement or in defense of any court proceeding brought against a party to enforce any claim that is the subject of this Agreement; to governmental taxing authorities; or as may be required by law, such as

pursuant to a subpoena or court order.  In the event a party shall receive a request for the disclosure of information concerning the Claims or the terms of this Agreement in connection with a court or other governmental proceeding, the party receiving the request shall promptly give notice of the request to the other party so as to afford the other party the opportunity to oppose the request for disclosure.  In the event the party wishes to oppose disclosure, the party receiving the request for disclosure will cooperate in good faith with the party opposing disclosure in her or its effort to oppose the requested disclosure and will request that the person seeking disclosure enter into a protective order limiting its disclosure to attorneys only. Notwithstanding the foregoing, it is understood that Goldman's attorneys may state to other defendants in the Action that Goldman is taking a consistent approach to settlement with respect to all defendants but may not otherwise disclose the specific details of this Agreement.

7. <u>Choice of Law</u>: This Agreement is governed by and shall be construed and enforced in accordance with the laws of the State of New York without giving effect to any choice of law or conflict of law provision or rule that would cause the application of the law of any jurisdiction other than the State of New York. Any action under or pursuant to this Agreement shall be brought only in the federal or state courts located in New York, New York, and the Parties each hereby consent to the personal jurisdiction of such courts over them and waive any right to object to venue in or seek a transfer from such courts.

8. <u>No Admission of Liability</u>: Goldman expressly acknowledges and agrees that User is entering into this Agreement solely to avoid the cost and inconvenience of litigation over the Claims that Goldman has  asserted or might assert against User; that User denies legal liability to

Goldman; and that User's execution of this Agreement shall not be deemed or construed at any time or for any purpose as an admission of liability on the part of User.

9.  Final Agreement/Modification: This Agreement shall not be modified nor may any of its terms be waived except in writing signed by all parties to this Agreement. This Agreement is intended to be the final and complete expression of the agreement between the Parties, contains the entire agreement between the parties with respect to the subject matter hereof, and supersedes all prior oral and written agreements, negotiations, representations, or understandings with respect to such subject matter.

10.  Unenforceability: If it is determined by any court of competent jurisdiction that any provision of this Agreement is unlawful or unenforceable, the remaining provisions shall remain in full force and effect.

11.  Participation of Counsel: The parties agree and acknowledge that this Agreement is the product of the joint drafting of a11 parties and that this Agreement shall not be construed against any of the parties.

12.  Authority: Any individual signing this Agreement on behalf of a party represents and warrants that he or she has the full authority to do so.

13.  Binding Effect: This Agreement shall be binding upon and inure to the benefit of the respective successors, assigns and representatives of the parties .

14. Counterparts: The Agreement may be signed in counterparts, each of which shall be deemed an original, with the same effect as if the signatures thereon were on the same instrument. The signatures required for execution of this Agreement may be provided by facsimile or pdf transmission, and such facsimile or pdf transmission signatures shall have the

4823-5016-6353v.1 0099704-000005

same force and effect as originals and shall constitute effective, binding agreements on the part

of the signer. Each of such counterparts shall for all purposes be deemed to be an original and all

such counterparts shall together constitute one and the same agreement.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of

the Effective Date.

Vox Media, Inc.                                             Justin Goldman

By _Lauren S. Fisher_                          _Justin Goldman_
   Lauren S. Fisher
   Chief Legal Officer