**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————

JUSTIN GOLDMAN,

                          **Plaintiff,**

         - against -

VOX MEDIA, LLC,

                          **Defendant.**

———————————————————————

**25-cv-9910 (JGK)**

**<u>Memorandum</u>**
**<u>Opinion and Order</u>**

**John G. Koeltl, District Judge:**

The pro se plaintiff, Justin Goldman ("Goldman"), brought this action against Vox Media, LLC ("Vox") in the Supreme Court of the State of New York, asserting claims for copyright infringement under 17 U.S.C. § 501 (Count I) and breach of contract (Count II). <u>See</u> Notice of Removal, Ex. 1 ("Compl."), ECF No. 1-1. The copyright infringement claim arises from the alleged use of a 2016 photograph of Tom Brady in the Hamptons with the Boston Celtics (the "Brady Photograph") by Vox's subsidiary, SB Nation, and its employee, Bobby Manning ("Manning"). <u>Id.</u> ¶¶ 1, 6. Goldman also alleges that Vox breached a settlement agreement from a prior lawsuit by continuing to use the Brady Photograph without authorization. <u>Id.</u> ¶ 9; <u>see</u> Strom Decl., Ex. 3 (the "Settlement Agreement"), ECF No. 16-3.[1]

———————————————————

[1] Goldman does not identify the substantive law governing his breach-of-contract claim. However, the Settlement Agreement contains a New York choice-of-law provision. <u>See</u> Settlement Agreement ¶ 7. Accordingly, New York law governs Goldman's breach-of-contract claim. <u>See</u> <u>Fleetwood Servs., LLC v. Ram Cap. Funding, LLC</u>, No. 20-cv-5120, 2022 WL 1997207, at *15 (S.D.N.Y. June 6, 2022) (citing <u>Welsbach Elec. Corp. v. MasTec N. Am., Inc.</u>, 859 N.E.2d 498, 500–01 (N.Y. 2006)).

On November 11, 2025, Vox removed this case to this Court pursuant to this Court's federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction under 28 U.S.C. § 1367(a). Notice of Removal, ECF No. 1. On December 1, 2025, Goldman filed an Amended Complaint, asserting the same claims as the original complaint. See Am. Compl. ¶¶ 24–34, ECF No. 9.

Vox moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Def.'s Mot. to Dismiss, ECF No. 14. For the reasons explained below, Vox's motion to dismiss is **granted**.

## I.

Unless otherwise noted, the following facts are taken from the Amended Complaint and are accepted as true for purposes of the current motion.

Goldman alleges that he is the "sole, exclusive copyright owner" of the Brady Photograph, which he registered with the United States Copyright Office under registration number VAu 1-250-526 on August 1, 2016. Am. Compl. ¶ 1, ECF No. 9. In 2017, Goldman sued Vox for embedding the Brady Photograph in an article published on Vox's website. Id. ¶ 8; see Goldman v. Breitbart News Network, LLC, No. 17-cv-3144, 2017 WL 11711301 (S.D.N.Y. Aug. 21, 2017).

Goldman voluntarily dismissed his prior action against Vox with prejudice on October 6, 2017, after the parties entered into a settlement agreement. Settlement Agreement 1; Strom Decl., Ex. 4, ECF No. 16-4. The

Settlement Agreement, executed on October 5, 2017, included a release of Vox from liability arising out of any publication of the Brady Photograph before the date of the agreement. See Settlement Agreement 1, ¶ 3.

The Amended Complaint alleges that on July 2, 2016, "SB Nation writer and Vox-affiliated contributor Bobby Manning posted the [Brady] Photograph on his Twitter/X account, @RealBobManning."[2] Am. Compl. ¶ 13. Goldman contends that Vox was aware of that publication because screenshots of the RealBobManning tweet were filed in a declaration (the "Lisk Declaration") in the 2017 action. Id. ¶¶ 14, 17. Goldman, however, alleges that the photograph remained public on Mr. Manning's X account for over nine years, until Mr. Manning took the photograph down in 2025 at Goldman's request. Id. ¶¶ 15, 19.[3]

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

[3] In his opposition brief, Goldman further alleges that, during the pendency of this case, he discovered a second unauthorized use of the Brady Photograph by Vox's subsidiary, Vanquish the Foe. Pl.'s Opp'n to Mot. to Dismiss ("Pl.'s Opp'n") 1, ECF No. 19. Vox responds that the screenshot on which Goldman relies appears to have been deliberately altered to omit the July 2, 2016 timestamp of the tweet. Vox Reply 1, ECF No. 20; see Strom Decl., Ex. 6, ECF No. 21-1. A doctored submission does not help Goldman's case. Moreover, a party may not amend a complaint through an opposition brief, even when proceeding pro se. See Shah v. Helen Hayes Hosp., 252 F. App'x 364, 366 (2d Cir. 2007) (summary order); Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998). Accordingly, the additional allegations raised only in Goldman's opposition brief will not be considered.
In any event, the July 2, 2016 publication was plainly covered by the Settlement Agreement and any claim for relief based on that publication is barred by the Settlement Agreement. There is no provision of the Settlement

## II.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This Court accepts the allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). Although the Court must construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

A pro se plaintiff's pleadings are held to "less stringent standards" and must be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But

---

Agreement that requires the photograph to be removed from anyone's tweet account.

the Court may not read into the complaint factual allegations that are not there. See Iqbal, 556 U.S. at 678 (2009).

### III.

In its motion to dismiss, Vox argues that: (1) Goldman fails to identify any provision of the Settlement Agreement that Vox breached; (2) Goldman's copyright-infringement claim is barred by the statute of limitations; and (3) Goldman's copyright-infringement claim is barred by res judicata based on the prior Goldman action. See Vox Mem. Supp. Mot. Dismiss ("Def.'s Mem.") 5–14, ECF No. 15.

### A.

Vox argues that Goldman's breach-of-contract claim (Count II) fails because Goldman's Amended Complaint fails to identify any provision of the Settlement Agreement in which Vox promised to remove the Brady Photograph or permanently cease using it. See Def.'s Mem. 12–13.

To state a claim for breach of contract under New York law, a plaintiff must plead: (1) the existence of a contract; (2) breach of the contract; and (3) damages resulting from the breach. See Terwilliger v. Terwilliger, 206 F.3d 240, 245–46 (2d Cir. 2000). A plaintiff must also identify the specific contractual provision allegedly breached by the conduct at issue. See Wolff v. Rare Medium, Inc., 210 F. Supp. 2d 490, 494 (S.D.N.Y. 2002), aff'd, 65 F. App'x 736 (2d Cir. 2003).

In this case, Goldman does not identify any provision of the Settlement Agreement that Vox allegedly breached by failing to remove the Brady Photograph. See Am. Compl. ¶¶ 30–34. Nor does the Settlement Agreement contain any promise by Vox to remove the Brady Photograph or to cease using it permanently. See generally, Settlement Agreement.

Because Goldman fails to identify any contractual provision that Vox breached, and because the Settlement Agreement contains no obligation requiring Vox to remove the Brady Photograph, Goldman's breach-of-contract claim (Count II) is **dismissed with prejudice**. See Wolff, 210 F. Supp. 2d at 494–95.

**B.**

Vox also argues that Goldman's copyright claim (Count I) is barred by the three-year statute of limitations under 17 U.S.C. § 507(b). See Def.'s Mem. 6–9. According to Vox, Goldman was on notice of the RealBobManning tweet no later than 2017 because the Amended Complaint admits that screenshots of the tweet were filed in the Lisk Declaration in the 2017 action. Id.; see Am. Compl. ¶¶ 14, 17.

Liberally construed, Goldman responds that the RealBobManning tweet's continued presence on X until 2025 may constitute "reaffirmation, republication, or a new infringing act," and that the issue therefore requires "a fact-dependent inquiry." Pl.'s Opp'n 2.

6

However, Goldman's argument is not persuasive. A theory that "merely leaving a copyrighted work on a website—without more—constitutes separate infringement (thereby continuously triggering a restarted limitations clock)" is "foreclosed as a matter of law." Michael Grecco Prods., Inc. v. RADesign, Inc., 678 F. Supp. 3d 405, 411 (S.D.N.Y. 2023), vacated and remanded on other grounds, 112 F.4th 144 (2d Cir. 2024); see also Minden Pictures, Inc. v. Complex Media, Inc., No. 22-cv-4069, 2023 WL 2648027, at *3 (S.D.N.Y. Mar. 27, 2023) ("[A]n allegedly infringing work published on a defendant's website does not trigger a separately accruing harm merely by remaining present on the internet.").

In this case, Goldman alleges only that the RealBobManning tweet remained "publicly visible and continuously displayed for more than nine years" and that Vox failed to remove the tweet despite allegedly knowing that it remained available. Am. Compl. ¶¶ 15–18. Those allegations do not plead a new act of infringement within the limitations period. Without more, Goldman's theory of separate accrual is foreclosed. See Michael Grecco, 678 F. Supp. 3d at 411–12.

Accordingly, Goldman's copyright-infringement claim arising from the RealBobManning tweet (Count I) is barred by the three-year statute of limitations and is therefore **dismissed without prejudice** to his ability to refile an amended complaint within twenty-one (21) days if the plaintiff can

allege a subsequent use of the Brady Photograph within the statute of limitation.[4].

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not addressed specifically, those arguments are either moot or without merit.

For the foregoing reasons, Goldman's breach-of-contract claim (Count II) is **dismissed with prejudice**; Goldman's copyright-infringement claim (Count I) is **dismissed without prejudice** to his ability to file an amended complaint within twenty-one (21) days.

The Clerk is respectfully requested to close all open motions in this case.

**SO ORDERED.**

Dated:      New York, New York
            June 22, 2026

_____
            **John G. Koeltl**
    **United States District Judge**

---

[4] The plaintiff failed to appear for the oral argument on this motion which was scheduled for June 18, 2026. Counsel for the defendant appeared and requested that attorney's fees be assessed against the plaintiff for his non-appearance. The Court declines to assess those fees at this time, in view of the plaintiff's pro se status.