*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*

—-----------------------------------------------------------------

*JUSTIN GOLDMAN,*

*Plaintiff,*

*v.*

*VOX MEDIA, LLC,*

*Defendant.*

—-----------------------------------------------------------------

*Case No. 1:25-cv-09910-JGK*

## SECOND AMENDED COMPLAINT

*Plaintiff Justin Goldman, appearing pro se, alleges as follows:*

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq.
2. This Second Amended Complaint is filed pursuant to the Court's June 23, 2026 Memorandum Opinion and Order, which dismissed Plaintiff's copyright claim without prejudice and permitted Plaintiff to file an amended complaint if he could allege a subsequent use of the Brady Photograph within the statute of limitations.
3. Plaintiff brings this amended pleading based on a separate Vox/SB Nation use of the Brady Photograph by Vanquish The Foe, a Vox/SB Nation-owned property, which Plaintiff discovered on January 5, 2026.
4. This amended complaint is not based on the RealBobManning tweet addressed in the prior pleadings. It is based on a separate publication and display by Vanquish The Foe, a distinct Vox/SB Nation property.

PARTIES

5. Plaintiff Justin Goldman is an individual photographer and copyright owner residing in New York.
6. Defendant Vox Media, LLC is a media company that owns, operates, controls, and/or benefits from SB Nation and SB Nation-branded properties.
7. Upon information and belief, Vanquish The Foe is an SB Nation property owned, operated, controlled, affiliated with, and/or commercially benefited from by Vox Media.

**JURISDICTION AND VENUE**

8.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Act.
9.  Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Defendant conducts business in this District and the claims arise from copyright infringement by a media company doing business in this District.

**THE COPYRIGHTED WORK**

10. Plaintiff is the author and owner of the copyrighted photograph depicting Tom Brady in the Hamptons with members of the Boston Celtics, referred to herein as the "Brady Photograph."
11. The Brady Photograph is registered with the United States Copyright Office under Registration No. VAu 1-250-526.
12. Plaintiff owns all rights, title, and interest in and to the Brady Photograph.
13. Plaintiff did not authorize Vox Media, SB Nation, Vanquish The Foe, or any related Vox-owned property to reproduce, publish, display, distribute, transmit, or otherwise exploit the Brady Photograph.

**THE SEPARATE VANQUISH THE FOE / SB NATION USE**

14. On January 5, 2026, Plaintiff discovered that the Brady Photograph was being publicly displayed by Vanquish The Foe at the URL: https://x.com/VanquishTheFoe/status/749331426819002368.
15. A true and correct screenshot showing the Brady Photograph publicly displayed through Vanquish The Foe on January 5, 2026 is attached as Exhibit A.
16. Vanquish The Foe is not the RealBobManning account.
17. Vanquish The Foe is a separate SB Nation property.
18. A true and correct exhibit showing that Vanquish The Foe is an SB Nation property, and that SB Nation is owned by Vox Media, is attached as Exhibit B.
19. Plaintiff did not discover the Vanquish The Foe / SB Nation use until January 5, 2026.
20. Plaintiff did not include the Vanquish The Foe / SB Nation use in the prior amended complaint because Plaintiff had not yet discovered it.
21. The Vanquish The Foe use is separate from the RealBobManning tweet and involves a separate Vox/SB Nation property, separate account, separate publication, and separate display.
22. Upon information and belief, Vanquish The Foe operated as part of Vox Media's SB Nation network and published content for the benefit of Vox Media's sports-media business.
23. Upon information and belief, the publication and display of the Brady Photograph by Vanquish The Foe was undertaken in connection with SB Nation's editorial and social-media operations and for Vox Media's commercial benefit.

24. Upon information and belief, Vox Media had the right and ability to control, remove, manage, direct, approve, or supervise content published through SB Nation-owned properties, including Vanquish The Foe.

25. Upon information and belief, Vox Media derived commercial value, audience engagement, traffic, goodwill, and brand benefit from SB Nation-branded properties, including Vanquish The Foe.

26. The Vanquish The Foe publication displayed the Brady Photograph without Plaintiff's authorization, license, consent, or payment.

27. Upon information and belief, within the limitations period, Vox Media, through SB Nation and Vanquish The Foe, continued to make the Brady Photograph publicly available, viewable, displayed, transmitted, and accessible to users through the Vanquish The Foe publication.

28. Plaintiff's claim is based on the separate Vanquish The Foe / SB Nation use discovered on January 5, 2026, not the RealBobManning tweet.

29. Plaintiff never released Vox Media from claims arising from separate, later-discovered infringing uses that were not identified, pleaded, litigated, or resolved in the prior pleadings in this action.

30. To the extent Vox Media contends that the Vanquish The Foe use is covered by a prior release or prior dismissal, Plaintiff disputes that contention because this use was not the RealBobManning tweet, was not pleaded in the prior amended complaint, was not known to Plaintiff when the prior pleading was filed, and is alleged here as a separate Vox/SB Nation use discovered on January 5, 2026.

31. Defendant's conduct deprived Plaintiff of licensing revenue and harmed the market value of the Brady Photograph.

32. Upon information and belief, Defendant's conduct was willful or, at minimum, undertaken with reckless disregard for Plaintiff's rights.

**COUNT I**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. §§ 106 AND 501**

33. Plaintiff repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff owns a valid copyright in the Brady Photograph.

35. Defendant Vox Media, directly and/or through SB Nation and Vanquish The Foe, infringed Plaintiff's exclusive rights under 17 U.S.C. § 106 by reproducing, publicly displaying, distributing, publishing, transmitting, and/or otherwise exploiting the Brady Photograph without authorization.

36. Defendant's infringement was commercial in nature and connected to Vox Media's sports-media business.

37. Defendant's unauthorized use harmed Plaintiff and deprived him of licensing compensation.

38. Plaintiff is entitled to recover damages under 17 U.S.C. § 504, including actual damages and Defendant's profits, or statutory damages if available by law.

39. Plaintiff is entitled to costs and attorneys' fees to the extent permitted under 17 U.S.C. § 505.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendant Vox Media, LLC as follows:

A. Declaring that Defendant infringed Plaintiff's copyright in the Brady Photograph;

B. Awarding Plaintiff actual damages and Defendant's profits, or statutory damages if available by law;

C. Awarding pre-judgment and post-judgment interest;

D. Awarding Plaintiff costs and attorneys' fees to the extent permitted by law;

E. Permanently enjoining Defendant and those acting in concert with it from further unauthorized use of the Brady Photograph;

F. Awarding such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
June 25th, 2026

Justin Goldman
Plaintiff Pro Se